GRIFFITH & THORNBURGH, LLP
ATTORNEYS AND COUNSELORS
8 EAST FIGUEROA STREET, SUITE 300
SANTA BARBARA, CA 93101
TELEPHONE: 805-965-5131
TELECOPIER: 805-965-6751

(SPACE BELOW FOR FILING STAMP ONLY)

Joseph M. Sholder, Bar No. 126347  sholder@g-tlaw.com
Felicita A. Torres, Bar No. 298630   torres@g-tlaw.com

Attorneys for Sandra K. McBeth, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>Adam Taylor,<br><br>        Debtor. | BK No. 9:16-bk-10191-PC<br><br>Chapter 7<br><br>MOTION FOR APPROVAL OF STIPULATION RE TURNOVER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; DECLARATION OF FELICITA A. TORRES<br><br>[No Hearing Required Unless Requested in Writing; LBR 9013-1(o)] |

The Trustee, Sandra K. McBeth, hereby moves for an order of this Court

approving the stipulation for turnover entered into between the Trustee and

Guardian Life Insurance Company of America.  The stipulation governs

Guardian's turnover to the Trustee of the net cash value of the life insurance

policy on Debtor, Adam Taylor's, life (Policy No. 2924440).  [Exhibit A to

Torres Declaration (Stipulation)].

////

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.    FACTS**

1.    Adam Taylor filed his Chapter 7 bankruptcy petition on February 2, 2016.

2.    Sandra K. Mcbeth is the duly appointed and acting Trustee of Mr. Taylor's estate.

3.    Taylor listed Guardian Life Insurance Policy No. 2924440, a policy on his life, on Schedule A/B.  Taylor did not claim any exemptions in the Policy. (Exh. B to Torres Declaration).

4.    The beneficiaries under the Policy are Taylor's parents, Jeffrey Taylor and Susan Taylor.

5.    On March 22, 2016, Trustee's counsel requested by letter to Guardian Life Insurance Company of America (Exh. C to Torres Declaration) that Guardian turn over the net cash value of the life insurance policy, as it is property of the estate pursuant to 11 U.S.C. § 541.

6.    Per Guardian's counsel, Guardian's turnover of the net cash surrender value of the Policy will (i) render the  Policy, and any interest acquired by Mr. Taylor or anyone else under or in connection with the Policy, surrendered, cancelled, and irrevocably terminated, (ii) mean that no further benefits or life insurance coverage whatsoever, including, without limitation, death benefits, will ever be payable under, or exist in connection with, the Policy, and iii) release Guardian from any and all liability arising under, or in connection with, the Policy.

7.    Per the stipulation regarding turnover entered into by Guardian and the Trustee, Guardian will calculate the Policy's net cash surrender value, and turn over the net cash value proceeds to the Trustee within five business days after its receipt of, among other things, an order approving the stipulation and motion for turnover.

## B.    ARGUMENT

Pursuant to 11 U.S.C. § 541, the cash value of the life insurance policy is property of Mr. Taylor's bankruptcy estate.  The estate is entitled to turnover of the net cash value of the policy.  For these reasons, the stipulation and motion for turnover of proceeds should be approved.

Dated: May 20th, 2016                        GRIFFITH & THORNBURGH, LLP

By _____
JOSEPH M. SHOLDER
FELICITA A. TORRES
ATTORNEYS FOR SANDRA K.
MCBETH, CHAPTER 7 TRUSTEE

## DECLARATION OF FELICITA A. TORRES

I, Felicita A. Torres, declare:

1.    I am an attorney licensed to practice before this court and am an associate in the law firm of Griffith and Thornburgh, LLP, counsel to the Chapter 7 Trustee, Sandra K. McBeth.

2.    I have personal knowledge of the facts stated in this declaration and could competently testify thereto if called upon to do so.

3.    Mr. Taylor filed his Chapter 7 bankruptcy petition on February 2, 2016.  Mr. Taylor listed Guardian Life Insurance Policy No. 2924440, a policy on his life, on Schedule A/B.  Mr. Taylor did not claim any exemptions in the Policy. True and correct copies of Schedule A/B and Schedule C filed by Mr. Taylor are attached hereto as Exhibit B.

4.    The beneficiaries under the Policy are Mr. Taylor's parents, Jeffrey Taylor and Susan Taylor.

5.    On March 22, 2016, my colleague, Joseph M. Sholder, requested by letter to Guardian Life Insurance Company of America ("Guardian") that Guardian turn over the net cash value of the life insurance policy, as it is property of the estate.  Attached hereto as Exhibit C is a true and correct copy of the March 22, 2016, letter to Guardian.

6.    Commencing April 14, 2016, I discussed Guardian's turnover of the net cash value of the life insurance policy to the bankruptcy estate with Guardian's legal counsel, Mr. Steven Maniloff.  Per Mr. Maniloff, Guardian's turnover of the net cash surrender value of the Policy will (i) render the  Policy, and any interest acquired by Mr. Taylor or anyone else under or in connection with the Policy, surrendered, cancelled, and irrevocably terminated, (ii) mean that no further benefits or life insurance coverage whatsoever, including, without limitation, death benefits, will ever be payable under, or exist in connection with,

1  the Policy, and iii) release Guardian from any and all liability arising under, or in

2  connection with, the Policy.

3       7.    Attached hereto as Exhibit A is a true and correct copy of the

4  stipulation for turnover entered into by Guardian and the Trustee, through

5  counsel.

6      I declare under penalty of perjury that the foregoing is true and correct.

7  Dated this 20 day of May 2016, at Santa Barbara, CA.

8

9

10  FELICITA A. TORRES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA BARBARA DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Adam Daniel Taylor,** | : | Case No. 9:16-bk-10191-PC |
| | : | |
| Debtor. | : | |
| | : | |

### STIPULATION GOVERNING THE SURRENDER OF GUARDIAN POLICY NO. 2924440 AND GUARDIAN'S TURNOVER OF ITS NET CASH SURRENDER VALUE TO THE TRUSTEE

This Stipulation, made and entered into as of May 13, 2016 (the "Stipulation") by and between Sandra K. McBeth, the appointed Chapter 7 trustee (the "Trustee") in the above-captioned bankruptcy proceeding filed by debtor Adam Daniel Taylor (the "Debtor"), and The Guardian Life Insurance Company of America ("Guardian"), governs the surrender of Policy No. 2924440 on the Debtor's life (the "Policy"), and Guardian's turnover of the Policy's net cash surrender value to the Trustee. (The Trustee and Guardian are hereinafter sometimes referred to individually as a "Party" or collectively as the "Parties.")

#### Recitals

WHEREAS, at all times relevant hereto, Debtor was the named owner of the Policy according to Guardian's records;

WHEREAS, at all times relevant hereto, Debtor's parents, Jeffrey Taylor and Susan Taylor, were the Policy beneficiaries according to Guardian's records;

WHEREAS, on February 2, 2016, the Debtor commenced a Chapter 7 bankruptcy proceeding (the "Bankruptcy") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), which case is docketed as No. 9:16-bk-10191-PC;

WHEREAS, the Debtor listed the Policy on his "Schedule A/B — Property" that he filed with the Bankruptcy Court on February 2, 2016;

WHEREAS, the Debtor claimed the Illinois "state and federal non-bankruptcy exemptions" on his "Schedule C — The Property You Claim as Exempt" that he filed with the Bankruptcy Court on February 2, 2016, and does not claim that the Policy is exempt property;

WHEREAS, pursuant to 11 U.S.C. § 541, the "cash value" of the Policy is an asset of Debtor's bankruptcy estate ;

WHEREAS, in a letter to Guardian dated March 22, 2016, counsel for the Trustee requested that Guardian "send a check equal to the current cash value of the [P]olicy to [the] … Trustee."

WHEREAS, the net cash surrender value of the Policy, which fluctuates over time, was $20,486 as of April 14, 2016;

WHEREAS, the Trustee will file a motion in this Bankruptcy seeking Bankruptcy Court approval of this Stipulation concerning Guardian's surrender of the Policy and the turnover of its net cash surrender value to the Trustee on the terms and conditions set forth in the Stipulation (the "Turnover Motion");

WHEREAS, the Trustee will serve notice of the Turnover Motion on all interested parties, including Debtor, his counsel, and the Policy beneficiaries; and

WHEREAS, the Trustee and Guardian agree that, following the Bankruptcy Court's entry of an order granting the Turnover Motion and approving this Stipulation, Guardian shall surrender the Policy and turn over its net cash surrender value to the Trustee on the terms and conditions set forth in this Stipulation.

4094693v1

**NOW THEREFORE**, the Trustee and Guardian, INTENDING TO BE LEGALLY

BOUND hereby, and in consideration of the stipulations set forth herein, and for other good and

valuable consideration, the sufficiency of which is hereby acknowledged, agree as follows:

1.    **Recitals**.  The Parties represent and agree that the recitals set forth in this

Stipulation are true and correct to the best of their knowledge, information, or belief, and that

they are hereby incorporated in full and made a part of this Stipulation.

2.    **Surrender of the Policy**.  Guardian shall surrender the Policy and calculate the

Policy's net cash surrender value upon the receipt of an as-filed copy of the Bankruptcy Court

order granting the Turnover Motion and approving a fully-executed copy of this Stipulation (the

"Turnover Order").

3.    **Turnover of the Policy's Net Cash Surrender Value to the Trustee**.  Guardian

shall turn over the Policy's net cash surrender value to the Trustee (hereinafter sometimes

referred to as the "Trustee's Turnover Payment") within five (5) business days following (i)

Guardian's receipt of the Turnover Order, (ii) Guardian's receipt of a completed Guardian "Life

Policy Cash Surrender Request Form" signed by the Trustee, (iii) Guardian's receipt of a W-9

Form completed and signed by the Trustee, and (iv) the expiration of the applicable period for

filing a notice of appeal of the Turnover Order.  Guardian's check in the amount of the Trustee's

Turnover Payment will be made payable to "Sandra K. McBeth, Chapter 7 Trustee for Adam

Daniel Taylor" and delivered by mail to her counsel, Felicita A. Torres, at Griffith &

Thornburgh, LLP located at 8 East Figueroa Street, Suite 300, Santa Barbara, California 93101.

4.    **Release of Guardian**.  Guardian shall be released from any and all past, present,

or future liability under the Policy (other than making the payment to the Trustee as provided in

Paragraph 3 of this Stipulation), and the Policy shall be surrendered, canceled, and forever and

4094693v1

irrevocably terminated effective as of the date on which Guardian receives the Turnover Order. For the avoidance of doubt, any interest acquired by Debtor or anyone else under or in connection with the Policy shall be released, canceled, and terminated, and no further benefits or coverage whatsoever, including, without limitation, death benefits, will ever be payable under or exist in connection with the Policy.

5.    **No Further Benefits to the Trustee**.  Other than her receipt of Trustee's Turnover Payment, the Trustee understands and agrees that no further amounts whatsoever will be payable to the Trustee under, or in connection with the Policy.

6.    **No Representations concerning Tax Consequences**.  No representations have been made by Guardian or its counsel regarding any potential tax consequences resulting from the surrender of the Policy and the payment identified in Paragraph 3 of this Stipulation, and Guardian has no responsibility for any tax consequences faced by the Trustee or the Debtor as a result of said payment.

7.    **Trustee's Representations**.  The Trustee represents and agrees that to the best of her knowledge, information or belief (i) no person or entity other than the Trustee has made a claim for the net cash surrender value or loan value of the Policy, and (ii) the Debtor has not asserted a claim in this Bankruptcy or in any other proceeding that his interest in the Policy, its net cash surrender value, or its loan value is exempt property under Illinois law, the Bankruptcy Code, or under any other state or federal law or code.

8.    **Entire Stipulation**. This Stipulation shall constitute the entire stipulation by and among the Parties hereto regarding the matters addressed herein.  No extrinsic or parol evidence may be used to vary any of the terms herein.  All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party

-4-

4094693v1

hereto relied upon, shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

9.      **Authority**.  Counsel for Guardian and the Trustee represent, warrant, and agree that they have the full right and authority to enter into this Stipulation on behalf of their respective client, to execute this Stipulation on behalf of their respective client, and to commit and bind their respective client.

10.     **Modification**.  No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment, or waiver is in writing, has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced, and has been approved by the Bankruptcy Court.

11.     **No Presumption against the Drafter**.  The Parties acknowledge that this Stipulation is the joint work product of all of the Parties and their respective counsel, and that, accordingly, in the event of any dispute concerning this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of any part of this Stipulation.

12.     **Choice of Law and Jurisdiction**.  This Stipulation shall be governed by and construed in accordance with the laws of the State of California without application or regard to its choice of law provisions.  The Bankruptcy Court shall have exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or modification of this Stipulation.  Venue of any dispute regarding the terms or enforceability of this Stipulation shall be in the United States Bankruptcy Court for the Central District of California, Northern Division.

4094693v1

13.    **Copies and Counterparts**. This Stipulation may be signed in more than one counterpart, a Party's electronic signature on this Stipulation shall be considered as effective as an original ink signature, and a facsimile, photocopy, or electronic copy of this Stipulation shall be as effective as an original for all purposes.

14.    **Each Party to Bear its Own Costs**. Each Party shall bear its or his own counsel fees and costs incurred in connection with the drafting and negotiation of this Stipulation.

Felicita A. Torres
**Griffith & Thornburgh, LLP**
8 East Figueroa Street, Suite 300
Santa Barbara, CA  93101
(805) 965-5131 (telephone)
torres@g-tlaw.com (email)

Counsel for the Chapter 7
Trustee, Sandra K. McBeth

Steven Maniloff
**Montgomery, McCracken,
 Walker & Rhoads, LLP**
123 South Broad Street, 28th Floor
Philadelphia, PA  19109
(215) 772-7512 (telephone)
smaniloff@mmwr.com (email)

Counsel for The Guardian Life
Insurance Company of America

APPROVED BY THE COURT:


Peter H. Carroll, U.S.B.J.

4094693v1

-6-

**Fill in this information to identify your case and this filing:**

| | | | |
|---|---|---|---|
| Debtor 1 | Adam Daniel Taylor | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                               12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.

   ■ Yes. Where is the property?

| | | |
|---|---|---|
| **1.1** | | |
| 1130 Park Ave. | **What is the property? Check all that apply.** | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ■ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | |
| North Chicago    IL    60064-0000 | ☐ Land | Current value of the entire property? / Current value of the portion you own? |
| City    State    ZIP Code | ☐ Investment property | $15,000.00    $15,000.00 |
| | ☐ Timeshare | |
| | ☐ Other | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property? Check one.** | Fee simple |
| Lake | ■ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | |
| | ☐ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |

Other information you wish to add about this item, such as local property identification number:

PIN: 08-33-111-026
est. value w/o appraisal
Foreclosure proceeding commenced in July 2015 in Lake County, Illinois (Case No. 15-CH-1270)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here...................................................=>        $15,000.00

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Case 9:16-bk-10191-PC    Doc 5    Filed 02/02/16    Entered 02/02/16 14:03:42    Desc
Main Document    Page 2 of 16

Debtor 1    Adam Daniel Taylor                                    Case number *(if known)*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
☑ Yes

| 3.1 | Make: | Acura | Who has an interest in the property? Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|

3.1   Make:    Acura
      Model:   MDX
      Year:    2009

Who has an interest in the property? Check one.

☑ Debtor 1 only
☐ Debtor 2 only

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Approximate mileage:    approx.
                        117,000

☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

| | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|

Other information:
3 accidents, w/o repairs
est. value w/o appraisal

☐ Check if this is community property
  (see instructions)

                                $5,000.00    $5,000.00

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
   *Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories*

☐ No
☑ Yes

4.1   Make:    Winnebago

      Model:
      Year:    2013

Who has an interest in the property? Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this is community property (see
  instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?    Current value of the portion you own?

Other information:

est. value w/o appraisal                    $35,000.00    $35,000.00

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages
   you have attached for Part 2. Write that number here.........................................................................=>        $40,000.00

**Part 3:   Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. Household goods and furnishings
   *Examples: Major appliances, furniture, linens, china, kitchenware*

☐ No
☑ Yes. Describe.....

See attached Rider to Schedule A/B(6), A/B(7), A/B(39) and A/B(44)
est. value w/o appraisal                                                        $1,000.00

7. Electronics
   *Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games*

☐ No
☑ Yes. Describe.....

See attached Rider to Schedule A/B(6), A/B(7), A/B(39) and A/B(44)
est. value w/o appraisal                                                        $250.00

8. Collectibles of value
   *Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles*

☐ No
☑ Yes. Describe.....

Official Form 106A/B                    Schedule A/B: Property                    page 2

Exhibit B - Page 13

| Debtor 1 | Adam Daniel Taylor | | Case number *(if known)* |
|---|---|---|---|

| | |
|---|---|
| Approx. 50 Sports Illustrated magazine issues from late 1980's to mid 1990's est. value w/o appraisal | $50.00 |
| Approx. 100 Chicago White Sox programs est. value w/o appraisal | $50.00 |

**9. Equipment for sports and hobbies**
  *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
■ Yes. Describe.....

| | |
|---|---|
| Approx. 40 year old set of golf clubs received from grandfather est. value w/o appraisal | $100.00 |
| 2 Trek hybrid mountain bikes est. value w/o appraisal | $600.00 |

**10. Firearms**
  *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

■ No
☐ Yes. Describe.....

**11. Clothes**
  *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
■ Yes. Describe.....

| | |
|---|---|
| Men's wearing apparel est. value w/o appraisal | $300.00 |

**12. Jewelry**
  *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No
■ Yes. Describe.....

| | |
|---|---|
| Wedding band est. value w/o appraisal | $100.00 |

**13. Non-farm animals**
  *Examples:* Dogs, cats, birds, horses

■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**

■ No
☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................ | $2,450.00

**Part 4: Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
  *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
■ Yes.............................................................................................

| Official Form 106A/B | Schedule A/B: Property | page 3 |
|---|---|---|

| Debtor 1 | Adam Daniel Taylor | | Case number *(if known)* | |
|---|---|---|---|---|
| | | | Cash | $100.00 |

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes.....................

Institution name:

| | | | | |
|---|---|---|---|---|
| | 17.1. | Checking | MB Financial - joint checking account ending x9524 (account has a negative balance in the amount of $140.90) | $0.00 |
| | 17.2. | Checking | MB Financial - checking account ending x0189 | $0.00 |
| | 17.3. | Checking | State Bank of Lakes checking account ending x7934 (As of 9/16/15 account had a negative balance of $614.54 due to overdraft and fees. See Schedule F) | $0.00 |
| | 17.4. | Checking | JPMorgan Chase Bank, N.A. Checking account ending x5631 | $3,872.67 |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☐ No
☑ Yes.................

Institution or issuer name:

| | |
|---|---|
| Etrade (accts ending x3554, x4333 and x9412) | $0.59 |
| MB Financial - money market account ending x8518 | $0.00 |
| TD Ameritrade - account ending x1478 | $0.00 |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☑ Yes. Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| See attached Rider to Schedule A/B(19) and SOFA 27 | % | Unknown |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific information about them.
Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| IRA | Putnam Investments (value as of 9/30/15) | $7,621.06 |

Case 9:16-bk-10191-PC    Doc 5    Filed 02/02/16    Entered 02/02/16 14:03:42    Desc
Main Document    Page 5 of 16

Debtor 1    Adam Daniel Taylor                                                Case number *(if known)*

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No
■ Yes. ....................

| | Institution name or individual: | |
|---|---|---|
| Rent | Jan Griffin - See Schedule G<br>Lease for 1542 Santa Rosa Ave. apt. prepaid by<br>GGC Trust through Sep. 2016 | Unknown |
| Security Deposit | 1717 Ridge Apartments, Inc. d/b/a 1717 | $500.00 |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............    Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☐ No
■ Yes. Give specific information about them...

| | |
|---|---|
| Beneficiary of the GGC Trust for Adam Taylor U/A/D 12/1/08<br>(Spendthrift Trust with assets est. in amount of $1,250,000) | Unknown |
| Beneficiary of the Taylor Annual Gift Trust for Adam Taylor U/A/D 12/14/82<br>(Spendthrift Trust which debtor believes has no assets) | Unknown |
| Beneficiary of the Taylor 1992 Gift Trust for Adam Taylor U/A/D 12/17/92<br>(Spendthrift Trust with assets est. in amount of $112,000) | Unknown |
| A group of irrevocable spendthrift trusts of which the debtor's father is the current income beneficiary were created. Upon information and belief, these trusts generally provide that the debtor's father has the power, at death, to appoint assets among a limited class of beneficiaries, which would include all of the debtor's father's descendants. Upon the death of his father, a portion of any remaining unappointed trust assets could be allocated to a spendthrift trust for the benefit of the debtor, if he is then living. | Unknown |
| A group of irrevocable spendthrift trusts of which descendants of the debtor's grandparents other than his father (e.g., aunts and uncles and cousins) are the current income beneficiaries were created. Upon information and belief, under certain remote scenarios (e.g., upon the death of a beneficiary who has no then living descendants and multiple other family members have predeceased as well), it is possible that a portion of these trust assets could be allocated to a spendthrift trust for the benefit of the debtor's father, if his father is then living, which then may ultimately be allocated upon the subsequent death of the debtor's father to a spendthrift trust for the benefit of the debtor, if he is then living. Included in this group would also be irrevocable spendthrift trusts of which the debtor's siblings are the current income beneficiaries. With respect to these trusts, if a sibling dies with no then living descendants, it is possible that a portion of the remaining trust assets of such trust could be allocated to a spendthrift trust for the benefit of the debtor, if he is then living. | Unknown |

Exhibit B - Page 16

Case 9:16-bk-10191-PC    Doc 5    Filed 02/02/16    Entered 02/02/16 14:03:42    Desc
Main Document    Page 6 of 16

Debtor 1    Adam Daniel Taylor                                                    Case number *(if known)*

|  |  |
|---|---|
| An irrevocable spendthrift trust was created by the debtor's father, the Jeffrey W. Taylor Family Insurance Trust U/A/D 6/15/82. The current income beneficiaries of this trust are all of the descendants of the debtor's father. This trust is the owner and beneficiary of a life insurance policy on the life of the debtor's father. Upon information and belief, the trust provides that upon the death of the debtor's father a portion of the trust assets (which would include the insurance proceeds payable to the trust following the death of the debtor's father), would be allocated to a separate spendthrift trust for the benefit of the debtor, if he is then living. | Unknown |

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
   ■ No
   ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
   ☐ No
   ■ Yes. Give specific information about them...

|  |  |
|---|---|
| Managing Broker's Real Estate License in IL | $0.00 |
| CA Broker's License | $0.00 |

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
   ☐ No
   ■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

|  |  |
|---|---|
| 2015 and 2016 Tax Returns not yet filed. Debtor, however, does not anticipate any refunds. | Unknown |

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
   ■ No
   ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
   ☐ No
   ■ Yes. Give specific information..

|  |  |
|---|---|
| Loans to MT Homes, LLC totaling $865,000 (an assignment for benefit of creditors was made and completed, loan is uncollectible) | $0.00 |

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
   ☐ No
   ■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|

---

| Debtor 1 | Adam Daniel Taylor | | Case number *(if known)* | |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | Term life insurance policy with Northwestern Mutual Life Insurance Co. (x8135) (Face Value as of 12/4/15: $800,000) | | Cara A. Bronstein | $0.00 |
| | Term life insurance policy with Northwestern Mutual Life Insurance Co. (x5625) (Face Value as of 12/4/15: $1,747,537) | | Cara A. Bronstein | $0.00 |
| | Adjustable Complife insurance policy with Northwestern Mutual Life Insurance Co. (x5569) (Face Value as of 12/4/15: $252,463) (Net cash value listed as of 12/4/15) | | Cara A. Bronstein | $1,811.79 |
| | Whole life insurance with Guardian (x4440) (Face Value: $100,000) (Net Cash Value listed as of 8/7/15) | | Jeffrey Taylor and Susan Taylor | $19,137.03 |
| | Term life insurance policy for Cara Taylor with Northwestern Mutual Life Insurance Co. (x5630) (Face Value as of 12/4/15: $1,000,000) | | Adam D. Taylor | $0.00 |

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
   ■ No
   ☐ Yes. Give specific information.

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples*: Accidents, employment disputes, insurance claims, or rights to sue
   ■ No
   ☐ Yes. Describe each claim........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
   ■ No
   ☐ Yes. Describe each claim........

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.................................................................................................................**    $33,043.14

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. Do you own or have any legal or equitable interest in any business-related property?
   ☐ No. Go to Part 6.
   ■ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
   ■ No
   ☐ Yes. Describe......

Debtor 1    Adam Daniel Taylor                                        Case number *(if known)*

39. Office equipment, furnishings, and supplies
   *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
   ☐ No
   ■ Yes. Describe.....

|  | |
|---|---|
| See attached Rider to Schedule A/B(6), A/B(7), A/B(39) and A/B(44) | $0.00 |
| Ipad, Iphone, laptop, printer, Mac Computer est. value w/o appraisal | $2,500.00 |

40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade
   ■ No
   ☐ Yes. Describe.....

41. Inventory
   ■ No
   ☐ Yes. Describe.....

42. Interests in partnerships or joint ventures
   ■ No
   ☐ Yes. Give specific information about them.................
        Name of entity:                            % of ownership:

43. Customer lists, mailing lists, or other compilations
   ■ No.
   ☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

        ■ No
        ☐ Yes. Describe....

44. Any business-related property you did not already list
   ☐ No
   ■ Yes. Give specific information.........

        See attached Rider to Schedule A/B(6), A/B(7), A/B(39) and A/B(44)        $0.00

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
    for Part 5. Write that number here......................................................................................        $2,500.00

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
   ■ No. Go to Part 7.
   ☐ Yes. Go to line 47.

                                                            Current value of the
                                                            portion you own?
                                                            Do not deduct secured
                                                            claims or exemptions.

**Part 7:** Describe All Property You Own or Have an Interest in That You Did Not List Above

53. Do you have other property of any kind you did not already list?

Official Form 106A/B                        Schedule A/B: Property                        page 8
Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

Case 9:16-bk-10191-PC    Doc 5    Filed 02/02/16    Entered 02/02/16 14:03:42    Desc
Main Document      Page 9 of 16

Debtor 1    Adam Daniel Taylor                                    Case number *(if known)*

*Examples:* Season tickets, country club membership

☐ No

■ Yes. Give specific information........

|  | |
|---|---|
| Refund from landlord for terminated lease of spouse. Rent was prepaid by GGC Trust. Funds currently held by law firm of Davis Friedman in amount of $5,200. | Unknown |

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................    $0.00

| Part 8. | **List the Totals of Each Part of this Form** |

| | | | |
|---|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ................................................................................................. | | $15,000.00 |
| 56. | **Part 2: Total vehicles, line 5** | $40,000.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $2,450.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $33,043.14 | |
| 59. | **Part 5: Total business-related property, line 45** | $2,500.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. | **Total personal property. Add lines 56 through 61...** | $77,993.14    Copy personal property total | $77,993.14 |
| 63. | **Total of all property on Schedule A/B. Add line 55 + line 62** | | $92,993.14 |

### RIDER TO SCHEDULE A/B

As noted in Schedule D, American Enterprise Bank and First Midwest Bank both obtained judgments against the Debtor and both served the Debtor with a citation to discover assets under Illinois law. As a result of these citations, both American Enterprise Bank and First Midwest Bank have a judgment lien against all personal property of the Debtor.

In addition, the Debtor is currently in the middle of a divorce proceeding. The Debtor's soon-to-be ex-wife may assert an interest under Illinois law in any or all of the property listed on the Debtor's bankruptcy schedules.

Case 9:16-bk-10191-PC    Doc 5    Filed 02/02/16    Entered 02/02/16 14:03:42    Desc
                    Main Document      Page 11 of 16

RIDER TO SCHEDULES A/B(6), A/B(7), A/B(39) and A/B(44)

Household Goods and Furnishings, Office Equipment,
Supplies and Other Personal Property

**Living Room:**
Couch
Sony TV
Books
Art
Children's Toys
Misc. Personal items

**Kitchen:**
Miscellaneous Kitchenware

**Bedroom #1:**
Love Seat
King bed
Flat screen tv
lap top
Office Chair
Misc. Personal Property

**Bedroom #2:**
Crib
Children's' Toys

**Bedroom #3:**
Toddler's bed
Children's Toys

Other Personal Property

Misc. tools and assorted household products and supplies

## Rider To Schedule A/B(19) and SOFA 27

| Entity Name | EIN/Taxpayer ID No | Jurisdiction | % Ownership of the Debtor | Nature of Business | Status of Assets | Address | Start Date | End Date | Value |
|---|---|---|---|---|---|---|---|---|---|
| 2 | Active Real Estate Partners, LLC | 27-3417847 | IL | 60.000% | Real Estate | Approx. 17 rental properties | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | 9/1/2010 | | Unknown |
| 3 | Active Real Estate Partners, LLC - Series A | | IL | 60.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 4 | Active Real Estate Partners, LLC - Series B | | IL | 60.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 5 | Albero, LLC | 45-5287208 | IL | 30.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | 3/31/2012 | | $0.00 |
| 8 | Gliese Development, LLC (a series of Active Real Estate Partners, LLC) | 45-4229758 | IL | 60.000% | Real Estate | Approx. 12 rental properties | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | Unknown |
| 9 | MT Homes LLC | 04-3837579 | IL | 50.000% | Real Estate | Assignment for benefit of creditors made on 10/27/14 and has since been concluded. Approx. 20 remaining properties subject to pending foreclosure action. | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 10 | MT Homes, LLC - 1000 Argonne Dr. | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 11 | MT Homes, LLC - 10017 8th | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 12 | MT Homes, LLC - 1111 Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 13 | MT Homes, LLC - 1112 S. Lincoln Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 14 | MT Homes, LLC - 1114 North Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 15 | MT Homes, LLC - 1132 McAlister | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 16 | MT Homes, LLC - 1203 Brookside Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 17 | MT Homes, LLC - 1230 Victoria Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 18 | MT Homes, LLC - 1305 Jackson | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 19 | MT Homes, LLC - 1318 Lincoln | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 20 | MT Homes, LLC - 1321 Jackson | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 21 | MT Homes, LLC - 1329 Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 22 | MT Homes, LLC - 1445 Harvey | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 23 | MT Homes, LLC - 14918 Russell | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 24 | MT Homes, LLC - 1509 Wilson Ct | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |

## Rider To Schedule A/B(19) and SOFA 27

| | Entity Name | EIN/Taxpayer ID No | Jurisdiction | % Ownership of the Debtor | Nature of Business | Status of Assets | Address | Start Date | End Date | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 25 | MT Homes, LLC - 1549 Jackson Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 26 | MT Homes, LLC - 1602 Victoria | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 27 | MT Homes, LLC - 1624 - 1626 North Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 28 | MT Homes, LLC - 1625 Glenn Drive | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 29 | MT Homes, LLC - 1710 Sheridan | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 30 | MT Homes, LLC - 1714 Lincoln | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 31 | MT Homes, LLC - 1728 Lincoln Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 32 | MT Homes, LLC - 1743 Elizabeth Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 33 | MT Homes, LLC - 1810 Gilboa | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 34 | MT Homes, LLC - 1819 Lincoln | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 35 | MT Homes, LLC - 1837 Lincoln | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 36 | MT Homes, LLC - 1917 Florence | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 37 | MT Homes, LLC - 2024 Dickey | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 38 | MT Homes, LLC - 2026 Prospect | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 39 | MT Homes, LLC - 2115 Williamsburg | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 40 | MT Homes, LLC - 2122 Grove Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 41 | MT Homes, LLC - 2122 Florence Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 42 | MT Homes, LLC - 2125 Georgetown | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 43 | MT Homes, LLC - 2133 Sherman Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 44 | MT Homes, LLC - 2234 Kristin | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 45 | MT Homes, LLC - 2317 Florence | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 46 | MT Homes, LLC - 2319 N Lewis | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 47 | MT Homes, LLC - 2402 Gideal | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 48 | MT Homes, LLC - 2614 Gilboa | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |

## Rider To Schedule A/B(19) and SOFA 27

| | Entity Name | EIN/Taxpayer ID No | Jurisdiction | % Ownership of the Debtor | Nature of Business | Status of Assets | Address | Start Date | End Date | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 49 | MT Homes, LLC - 2634 Gabriel | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 50 | MT Homes, LLC - 2907 Gideon | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 51 | MT Homes, LLC - 3100 Gideon | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 52 | MT Homes, LLC - 3111 Enoch | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 53 | MT Homes, LLC - 313 South Genesee | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 54 | MT Homes, LLC - 316 George | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 55 | MT Homes, LLC - 321 W. Ravine Ave | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 56 | MT Homes, LLC - 321 Highlawn | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 57 | MT Homes, LLC - 329 Highlawn | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 58 | MT Homes, LLC - 332 Enramas | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 59 | MT Homes, LLC - 335 S Jackson St | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 60 | MT Homes, LLC - 407 Oak Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 61 | MT Homes, LLC - 415 Ravine Ave. | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 62 | MT Homes, LLC - 417 Oak Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 63 | MT Homes, LLC - 419 Highlawn | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 64 | MT Homes, LLC - 420 Washington Park | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 65 | MT Homes, LLC - 512 Powell | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 66 | MT Homes, LLC - 520 8th | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 67 | MT Homes, LLC - 521 Cummings Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 68 | MT Homes, LLC - 542 Caroline | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 69 | MT Homes, LLC - 549 Water | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 70 | MT Homes, LLC - 601 May | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 71 | MT Homes, LLC - 609 South McAllister | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 72 | MT Homes, LLC - 637 8th Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 73 | MT Homes, LLC - 654 Lenox | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |

## Rider To Schedule A/B(19) and SOFA 27

| | Entity Name | EIN/Taxpayer ID No | Jurisdiction | % Ownership of the Debtor | Nature of Business | Status of Assets | Address | Start Date | End Date | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 74 | MT Homes, LLC - 651 Lenox | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 75 | MT Homes, LLC - 660 Martin Luther King | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 76 | MT Homes, LLC - 674 S. Martin Luther King | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 77 | MT Homes, LLC - 679 Lenox | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 78 | MT Homes, LLC - 704 Lenox | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 79 | MT Homes, LLC - 704 Martin Luther King | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 80 | MT Homes, LLC - 707 North County | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 81 | MT Homes, LLC - 714 Hebshaloz Ave | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 82 | MT Homes, LLC - 719 8th Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 83 | MT Homes, LLC - 722 8th Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 84 | MT Homes, LLC - 727 Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 85 | MT Homes, LLC - 810 Argonne | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 86 | MT Homes, LLC - 818 S. Lincoln Avenue | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 87 | MT Homes, LLC - 854 Lenox | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 88 | MT Homes, LLC - 920 Clarke | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 89 | MT Homes, LLC - 920 McAlister | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 90 | MT Homes, LLC - 922 South 10th Street | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 91 | MT Homes, LLC - 927-941 Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 92 | MT Homes, LLC - Amber | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 93 | MT Homes, LLC - Broadway | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 94 | MT Homes, LLC - Series B | | IL | 50.000% | Real Estate | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 95 | MT Homes, LLC - Series C | | IL | 50.000% | Shell Entity | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 96 | MT Homes, LLC - Series D | | IL | 50.000% | Shell Entity | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |
| 97 | Regional Holdings, LLC | | IL | 0.000% | Holding company | Member of various MT LLC entities, no other assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | | | $0.00 |

## Rider To Schedule A/B(19) and SOFA 27

| | Entity Name | EIN/Taxpayer ID No. | Jurisdiction | % Ownership of the Debtor | Nature of Business | Status of Assets | Address | Start Date | End Date | Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 98 | Regional Real Estate, LLC | | IL | 100.000% | Property Mgt/MLT/brokerage | Brokerage company with several listing agreements | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | 12/9/2008 | | Unknown |
| 99 | Traylor Real Estate Properties, LLC | | IL | 100.000% | Real Estate | Single asset real estate - foreclosure proceeding pending in Lake County | 1965 North Maud, Unit B Chicago, IL 60614 | 10/5/2015 | | Unknown |
| 100 | Warhawk Construction LLC | 26-2892697 | IL | 100.000% | construction/maintenance | No assets | 1710 Sheridan Road, 2nd Floor North Chicago, IL 60064 | 6/6/2008 | | $0.00 |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Adam Daniel Taylor | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| 2009 Acura MDX approx. 117,000 miles 3 accidents, w/o repairs est. value w/o appraisal<br>Line from *Schedule A/B*: 3.1 | $5,000.00 | ■ $2,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(c) |
| Men's wearing apparel est. value w/o appraisal<br>Line from *Schedule A/B*: 11.1 | $300.00 | ☐<br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) |
| Cash<br>Line from *Schedule A/B*: 16.1 | $100.00 | ■ $100.00<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Checking: JPMorgan Chase Bank, N.A. Checking account ending x5631<br>Line from *Schedule A/B*: 17.4 | $3,872.67 | ■ $3,872.67<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| IRA: Putnam Investments (value as of 9/30/15)<br>Line from *Schedule A/B*: 21.1 | $7,621.06 | ☐<br>■ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1006 |

Case 9:16-bk-10191-PC    Doc 6    Filed 02/02/16    Entered 02/02/16 14:06:08    Desc
Main Document    Page 2 of 2

Debtor 1    Adam Daniel Taylor                                              Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | Check only one box for each exemption. | |
| Adjustable Complife insurance policy with Northwestern Mutual Life Insurance Co. (x5569) (Face Value as of 12/4/15: $252,463) (Net cash value listed as of 12/4/15) Beneficiary: Cara A. Bronstein Line from *Schedule A/B*: 31.3 | $1,811.79 | ☐ ◼ 100% of fair market value, up to any applicable statutory limit | 215 ILCS 5/238 |
| Ipad, Iphone, laptop, printer, Mac Computer est. value w/o appraisal Line from *Schedule A/B*: 39.2 | $2,500.00 | ☐ ◼ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(d) |

3.  **Are you claiming a homestead exemption of more than $155,675?**
    (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

    ◼ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No
       ☐ Yes

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

Exhibit B - Page 29

McBeth (Taylor
corresp)

# G&T GRIFFITH & THORNBURGH, LLP

ATTORNEYS AND COUNSELORS | SINCE 1924

L. DONALD BODEN
JOHN R. RYDELL II
CRAIG PRICE
BRUCE D. GLESBY
JOSEPH M. SHOLDER
JOHN C. ECK
MARISA K. BEUOY
PAUL A. CAPRITTO
FELICITA A. TORRES

8 EAST FIGUEROA STREET – SUITE 300
SANTA BARBARA, CA 93101-2762

TELEPHONE: 805-965-5131
FAX: 805-965-6751
www.g-llaw.com

WM. G. GRIFFITH (1867 – 1949)
LASELLE THORNBURGH (1898 – 1973)
YALE B. GRIFFITH (1903 – 1994)
ROBERT L. THORNBURGH (Retired 1985)

SENDER'S E-MAIL:

March 22, 2016

Our File No.:
4409-0033

*Via Overnight Mail*

Deanna M. Mulligan
President and Chief Executive Officer
The Guardian Life Insurance Company of America
7 Hanover Square, New York, NY, 10004-2616

Re:    In re Adam Taylor, 9:16-10191-PC.

Dear Ms. Mulligan:

Your policy holder, Adam Taylor, owns a whole life insurance policy issued by The Guardian Life Insurance Company of America.   The policy number is 2924440.  According to the attached statement, the policy has $20,155 in cash value as of February 3, 2016.

Mr. Taylor is a debtor in a chapter 7 bankruptcy case, which he filed on February 2, 2016.  We represent Mr. Taylor's bankruptcy trustee, Sandra K. McBeth.   The cash value of policy number 2924440 is an asset of Mr. Taylor's bankruptcy estate pursuant to 11 U.S.C. § 541.  Please send a check equal to the current cash value of the policy to Sandra. K. McBeth, Chapter 7 Trustee, 2236 So. Broadway, Suite J, Santa Maria, CA 93454.

Very truly yours,

JOSEPH M. SHOLDER

cc.  Sandra K. McBeth
     Peter Susi
     Mesirow Insurance Services, Inc.

Exhibit C - Page 30

| Policy No. 2924440 | Insured Name: ADAM TAYLOR | As Of Date: 02/03/2016 | Page: 1 |

| Policy No. | Insured Name | | Status | As Of Date |
|---|---|---|---|---|
| 2924440 | ADAM TAYLOR | | Premium Paying | 02/03/2016 |

| Full Name | Date of Birth | SSN (Owner) | Sex | Rating | Non Smoker Discount | Issue Age |
|---|---|---|---|---|---|---|
| ADAM TAYLOR | 05/06/1980 | xxx-xx-0000 | Male | STAN | Not App. | 4 |

| Coverage | Form No. | Premium | Cash Value # | Face Amount | Expiration Date |
|---|---|---|---|---|---|
| Whole Life | 842 | $591.00 | $19,612 | $100,000 | 08/08/2080 |
| Dividend Additions | N/A | $0.00 | $543 | $1,943 | |
| Guaranteed Purchase Option Rider | 79 | $38.50 | $0 | $50,000 | 08/08/2020 |
| Total | | $629.50 | $20,155 | $101,943 | |

### Basic/Rider Cash Value Information

| Plan Name | As of Current Policy Anniversary 08/08/2015 | Cash Value Increase Per Mode Premium | As of Next Policy Anniversary 08/08/2016 |
|---|---|---|---|
| Whole Life | $18,611.00 | $1,001.00 | $19,612.00 |

| | | | |
|---|---|---|---|
| Paid To Date: | 08/08/2016 | Net Death Benefit:* | $102,851 |
| Mode: | Annual | Net Cash Surr Value:* | $20,365.66 |
| Modal Premium: | $629.50 | Policy Date: | 08/08/1984 |
| Billing Class: | Regular | Premium Anniv: | 08/08 |
| Policy Cost Basis:+ | $8,840.00 | Direct Rec: | Y |
| Last Trans Date: | 10/15/2015 | State of Res: | IL |
| Outstanding Loan: | $567.39 | Dividend Year: | 2015 |
| Max. Loan Avail:* | $18,810.64 | Current Div: | $272.94 |
| Loan Interest Rate: | 0.0740740 | Dividend Option: | Premium Offset |
| Loan Payoff Amt:* | $544.87 | Div Applied As: | Paid Up Adds |
| Loan Interest: | $42.03 | Current Yr Div Adds: | $1,009.00 |
| Loan Int Paid to Date: | 08/08/2016 | | |
| APL: | Yes | | |
| Will Premium APL: | No Premium Due | | |
| MEC: | No | | |

*# Cash Values are as of the paid-to-date excluding OYT*

*\* Values are as of 02/02/2016*

*+This amount is calculated on an annual basis and does not include all riders, if applicable*

| | |
|---|---|
| Owner: | ADAM TAYLOR |
| Address: | 62 LAKEWOOD PLACE |
| | HIGHLAND PARK IL |
| | 60035 |
| Beneficiary: | JEFFREY TAYLOR AND SUSAN TAYLOR, PARENTS |

This report represents a statement of your account with The Guardian Life Insurance Company of America (Guardian) and/or The Guardian Insurance & Annuity Company, Inc., (GIAC), both located in New York, NY, as of the last business date prior to the date of the report.

AT004014

Exhibit C - Page 31

| Policy No: 2924440 | Insured Name: ADAM TAYLOR | As Of Date: 02/03/2016 | Page: 2 |

| | | | |
|---|---|---|---|
| Servicing Agency: | THE PIETSCH FINANCIAL GRP | Servicing Agency Code: | 000Y8 |
| Servicing Agent: | MESIROW INS SERVICES INC | Servicing Agent Code: | 000H6844 |
| | | Servicing Agent Status: | Active |

| Writing Agent Name | Status | Agency | Manager | Writing Agent Code | Interest |
|---|---|---|---|---|---|
| DANN BROTHERS IN | Active | 000Y8 | 13 | 000E0660 | 0.00% |
| LANNY D LEVIN CLU | Active | 000Y8 | 25 | 000S9283 | 35.00% |
| THE WASHTENAW CORP | Active | 000Y8 | 25 | 000S7282 | 65.00% |

| | | | |
|---|---|---|---|
| Auto Change Date: | 07/08/2017 | Nat of Bus: | 0 |
| Issue Date: | 08/08/1984 | Reinsurance: | None |
| Owner: | Insured | Form #/Suffix: | 842 |
| Cur Exposure Amount: | $493.51 | QRS: | 20000 |

| | | | |
|---|---|---|---|
| Premiums Paid: | $13,593.00 | Premiums Paid before 1992: | $5,319.00 |
| Withdrawals Received from Company: | $0.00 | Cash Dividends: | $10,072.00 |
| Previously reported Taxable Gains: | $0.00 | | |

BGLP for this policy is not available. Contact Life Actuarial department.

This report represents a statement of your account with The Guardian Life Insurance Company of America (Guardian) and/or The Guardian Insurance & Annuity Company, Inc. (GIAC) both located in New York, NY as of the last business date prior to the date of the report.

AT004015

Exhibit C - Page 32

In re: Adam Daniel Taylor
United States Bankruptcy Court, Case No. 9:16-bk-10191-PC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8 E. Figueroa Street, Suite 300, Santa Barbara, CA 93101
A true and correct copy of the foregoing document entitled (specify): **MOTION FOR APPROVAL OF STIPULATION RE TURNOVER; MEMO OF POINTS & AUTHORITIES; DECLARATION OF FELICITA TORRES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **May 20, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ryan A Ellis    re@ryanellislaw.com, efs@ryanellislaw.com
•Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
•Karen L Grant    kgrant@silcom.com
•Megan E Lees    ecfcacb@aldridgepite.com, MEL@ecf.inforuptcy.com;mlees@aldridgepite.com
•Sandra McBeth (TR)    jwalker@mcbethlegal.com, CA65@ecfcbis.com
•Joseph M Sholder    sholder@g-tlaw.com
•Peter Susi    psusi@hbsb.com, susan@hbsb.com
•Felicita A Torres    torres@g-tlaw.com
• United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) **May 20, 2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **May  , 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| May 20 2016 | Evelyn R. Downs | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re: Adam Daniel Taylor
United States Bankruptcy Court, Case No. 9:16-bk-10191-PC

Peter Susi
Hollister & Brace
1126 Santa Barbara Street
Santa Barbara, CA 93101

Adam Daniel Taylor
1717 Ridge Ave Apt 219
Evanston, IL 60201

Adam Taylor
1542 Santa Rosa Ave
(Front House)
Santa Barbara, CA 93109

Jeff Taylor
1241 Stratford Place
Northbrook, IL 60062-4227

Susan Taylor
62 Lakewood Place
Highland Park, IL 60035-5008

Attorney for Guardian:

Steven Maniloff
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street, 28th Floor
Philadelphia, PA 19109

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                       F 9013-3.1.PROOF.SERVICE